UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 15-165(2)(JRT/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | PLEA AGREEMENT AND |
| ) | SENTENCING STIPULATIONS |
| v. ) | |
| ) | |
| (2) WILLIAM DAVID ALONZO, ) | |
| ) | |
| Defendant. ) | |

The United States of America and William David Alonzo (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Counts 8 and 10 of the Indictment, which charges the defendant with aiding and abetting possession with intent to distribute approximately 200 grams of a mixture or substance containing a detectable amount of heroin, all in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and possessing a firearm during and in relation to a drug trafficking crime, all in violation of Title 18, United States Code, Sections 2 and 924(c). The United States agrees to move to dismiss Counts 1 and 9 of the Indictment, as the Counts pertain to the defendant, at the time of sentencing.

1


SCANNED
OCT 13 2016
U.S. DISTRICT COURT MPLS

2. **Factual Basis.** The United States and the defendant agree on the following factual basis for the plea.[1] The defendant further agrees that were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

a. On or about March 10, 2015, in the State and District of Minnesota, the defendant knowingly and intentionally aided and abetted the possession with intent to distribute approximately 200 grams of a mixture or substance containing heroin. Specifically, on or about March 10, 2015, a vehicle registered to and driven by co-defendant Timothy Joseph Beaulieu, Jr. was stopped by law enforcement on Highway 10 in Rice, Minnesota. The occupants of the vehicle included co-defendant Timothy Joseph Beaulieu, Jr., who was driving, and the defendant, who was sitting in the back passenger compartment. After a canine sniff of the vehicle, officers located approximately 200 grams of a mixture or substance containing heroin, 70 hydrocodone pills, 101 methadone pills, 193 oxycodone pills, 4.5 alprazolam pills, and a firearm, identified as a Glock 19 9mm handgun bearing serial number WCE578, in a white garbage bag in the back storage compartment of the vehicle. The defendant admits that he knew that he jointly possessed heroin and other unlawful controlled substances in the vehicle. The defendant further admits that he possessed the Glock 19 9mm handgun during and in relation to a drug trafficking crime, that is, the defendant's possession with intent to distribute heroin. The defendant agrees that he knew that the heroin and other unlawful controlled

---

[1] The United States and the defendant agree that not all the facts and circumstances of the conspiracy are outlined in the factual basis. Rather, the factual basis contains only those facts necessary to establish the elements of the offense alleged in Counts 8 and 10 of the Indictment.

substances were going to be distributed in the communities in and surrounding the Red Lake and White Earth Indian Reservations by himself and other co-defendants. Further, the defendant agrees that he knowingly possessed the firearm located with the heroin and other controlled substances for protection because of the inherent danger associated with selling unlawful controlled substances. Finally, the defendant agrees that he acted voluntarily and knew his actions violated the law.

   b. The defendant agrees that from at least January 2015 through on or about April 15, 2015, he aided and abetted the possession with intent to distribute and did distribute at least 100 but less than 400 grams of a mixture or substance containing heroin and other unlawful controlled substances as a member of the Omar Sharif Beasley drug trafficking organization.

   3. **Probable Cause for Charges.** The defendant stipulates that the United States had probable cause to charge all the offenses in the Indictment in this case. The defendant further stipulates that the charges being dismissed are being dismissed as part of the plea process, and not because they lack a factual basis.

   4. **Statutory Penalties.** The parties agree that Count 8 of the Indictment carries statutory penalties of:

    a. **a mandatory minimum of 5 years' imprisonment;**

    b. a maximum of 40 years' imprisonment;

    c. a supervised release term of at least 4 years;

    d. a fine up to $5,000,000;

    e. a mandatory special assessment of $100;

  f.  assessment to the defendant of the costs of prosecution; and

  g.  the possible denial of federal benefits under 21 U.S.C. § 862(a)(1).

The parties further agree that Count 10 of the Indictment carries statutory penalties of:

  a.  **a mandatory minimum of 5 years' imprisonment, to be served consecutively to the Defendant's sentence as to Count 8, yielding a combined mandatory minimum term of imprisonment of 10 years;**

  b.  a maximum of life imprisonment;

  c.  a maximum supervised release term of 5 years;

  d.  a fine up to $250,000; and

  e.  a mandatory special assessment of $100.

5. **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6. **Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

  a. Applicable Guidelines. The applicable version of the Sentencing Guidelines incorporates amendments through November 1, 2016.

4

Guideline Section 2D1.1 applies to Count 8 and Guideline Section 2K2.4 applies to Count 10.

b. Base Offense Level.

*With respect to Count 8 (Possession with Intent to Distribute Heroin):* The parties agree that the base offense level for Possession with Intent to Distribute Controlled Substances is **24**. U.S.S.G. §§ 2D1.1(a)(5) and (c)(8), § 2D1.1 cmt. n. 8.

*With respect to Count 10 (Possession of a Firearm During and in Relation to a Drug Trafficking Offense):* The parties agree that the guidelines sentence is the minimum term of imprisonment required by statute. U.S.S.G. §§ 2K2.4(b).

c. Specific Offense Characteristics.

*With Respect to Count 8 (Possession with Intent to Distribute Heroin):* The parties agree that no specific offense characteristics apply. *See* U.S.S.G. § 2K2.4 cmt. n. 4.

d. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and to move for an additional **1-level** reduction under U.S.S.G. § 3E1.1(b). Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendation is conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

The parties agree that other than as provided herein no other Chapter 3 adjustments apply.

e. Criminal History Category. Based on information available at this time, the parties believe that the defendant's criminal history category is **I or II**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status will be

5

determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f. Guideline Range.

*With Respect to Count 8 (Possession with Intent to Distribute Heroin)*: If the adjusted offense level is **21**, and the criminal history category is **I**, the Sentencing Guidelines range is **37-46** months of imprisonment. If the adjusted offense level is **21**, and the criminal history category is **II**, the Sentencing Guidelines range is **41-51** months of imprisonment.

**The defendant understands that the statutory mandatory minimum sentence for Count 8 in this matter is 60 months' imprisonment regardless of the Sentencing Guidelines range calculated.**

*With respect to Count 10 (Possession of a Firearm During and in Relation to a Drug Trafficking Offense)*: The Sentencing Guidelines range is 60 months' imprisonment consecutive to any sentence imposed in Count 8.

**The defendant understands that the statutory mandatory minimum sentence for Count 10 is 60 months' imprisonment to be served consecutively to the Defendant's sentence in Count 8, thereby yielding a combined mandatory minimum term of imprisonment of 120 months (10 years) of imprisonment.**

g. Fine Range. If the adjusted offense level is 21, the fine range is $7,500 to ~~$75,000~~ $5,000,000 [initials] 10/12/2016. U.S.S.G. § 5E1.2(c)(3).

FB
W/A

h. Supervised Release. The Sentencing Guidelines require a term of supervised release of at least 4 years. U.S.S.G. § 5D1.2.

i. Sentencing Recommendation and Departures. The parties reserve the right to make a motion for departures from the applicable Guidelines range and to oppose any such motion made by the opposing party.

6

>  The parties reserve the right to argue for a sentence outside the applicable Guidelines range.

7. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guidelines calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

8. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

9. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all of his right, title, and interest to any property applicable to the forfeiture allegations in the Indictment.

10. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

11. **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: 10/12/2016

ANDREW M. LUGER
United States Attorney

BY: DEIDRE Y. AANSTAD
Assistant U.S. Attorney

MELINDA A. WILLIAMS
Assistant U.S. Attorney

Date: 10-12-16

WILLIAM DAVID ALONZO,
Defendant

Date: 10/12/16

FREDERIC K. BRUNO,
Counsel for Defendant

8