UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-165(2)(JRT/LIB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

(2) WILLIAM DAVID ALONZO,

    Defendant.

**GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Deidre Y. Aanstad, Assistant United States Attorney, hereby submits its position with respect to sentencing of defendant William David Alonzo. For the reasons set forth below, the government respectfully requests that the Court impose combined term of imprisonment of 10 years, 5 years' imprisonment for Count 8 and a consecutive 5 years' imprisonment for Count 10.

## INTRODUCTION

On May 20, 2015, a 12-count Indictment was returned by a grand jury sitting in the District of Minnesota charging the defendant and 40 other individuals with conspiracy to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, to the communities in and surrounding the Red Lake and White Earth Indian Reservations in the District of Minnesota and Native American communities elsewhere. (District Court Docket ("DCD") 1.) The defendant was named in Counts 1, 8, 9, and 10. The defendant was arrested on May 29, 2015, and released to supervision on June 9, 2015.

On October 12, 2016, the defendant entered a plea guilty to Count 8 (Aiding and Abetting Possession with Intent to Distribute Heroin) and Count 10 (Possession of a Firearm During and in Relation to a Drug Trafficking Crime). As a result of numerous conditional release violations, the defendant was taken into custody pending sentencing on the date of his Change of Plea Hearing.

I.  Offense Conduct

During the spring and summer of 2014, law enforcement began investigating the drug trafficking activities of Omar Sharif Beasley and his drug trafficking organization ("Beasley DTO"). According to information provided by community members as well as facts learned during the investigation, law enforcement was aware that Beasley was distributing large quantities of heroin in and around the Red Lake Indian Reservation. Further, Beasley was using local community members to assist him in the distribution of controlled substances. A break in the investigation came on October 3, 2014, when law enforcement from the Red Lake Police Department executed a warrant at a residence on the Red Lake Indian Reservation. Inside the residence, officers located several of the defendant's co-conspirators and approximately 1300 grams of heroin. All the individuals located inside the home were arrested on tribal or state charges.

As the investigation continued, law enforcement secured authorization to intercept telephone calls made by Beasley. While intercepting Beasley's telephone calls in early March 2015, law enforcement identified the defendant as a distributor for Omar Sharif Beasley. Based on intercepted telephone calls, law enforcement determined that Beasley

had brought back a large shipment of heroin on or about March 9, 2015. Surveillance was set up in Brooklyn Center, Minnesota. Surveillance teams observed and tracked three vehicles leave a hotel in Brooklyn Center, Minnesota, in the late evening hours of March 9, 2015. Just after midnight on March 10, 2015, a vehicle containing the defendant and co-defendant Timothy Beaulieu was stopped along a highway on the way to northern Minnesota. A search of the vehicle revealed approximately 200 grams of heroin, numerous pharmaceutical pills, and a firearm. The defendant and co-defendant Beaulieu were arrested. In a subsequent interview with law enforcement, the defendant admitted that he possessed the heroin and the gun. After his initial arrest on March 10, 2015, the defendant was released from custody on March 11, 2015. The defendant continued to be intercepted on Beasley's telephone through April 15, 2015. In the intercepted calls, it was clear that the defendant continued to distribute heroin and other controlled substances for the Beasley DTO on both the White Earth and Red Lake Indian Reservations.

Based on the defendant's admissions to the Court at the time of his change of plea hearing, the defendant agreed that from at least January 2015 through on or about April 15, 2015, he aided and abetted the possession with intent to distribute and did distribute at least 100 but less than 400 grams of a mixture or substance containing heroin and other unlawful controlled substances as a member of the Beasley DTO.

II.     Prior Criminal History and Post-Charge Conduct

As outlined in the Presentence Report prepared in this matter, the defendant has a minimal criminal history. Nonetheless, the defendant was previously arrested and charged with two burglary offenses in the State of Florida in 2010. As a result of the defendant's record, the defendant has a criminal history score of 1 and a Criminal History Category of I.

Due in large part to his lack of criminal history, the defendant was initially placed on conditional release on June 9, 2015. Although not specifically referenced in the PSR, the defendant violated his conditions of release multiple times between June 9, 2015, and October 12, 2016. Based on the defendant's violations, the defendant was restructured on conditional release numerous times. However, as a result of continued violations, the defendant was placed in custody on October 12, 2016.

## SENTENCING GUIDELINES CALCULATION

The district court should begin sentencing proceedings by correctly calculating the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). In this matter, the defendant pled guilty to two Counts in the Indictment, namely, Count 8 (Aiding and Abetting Possession with Intent to Distribute Heroin) and Count 10 (Possession of a Firearm During and in Relation to a Drug Trafficking Crime). Based on the statutory provisions contained in the defendant's plea agreement, each Count/offense carries a mandatory minimum sentence of 60 months' imprisonment. Further, Count 10 (Possession of a Firearm During and in Relation to a Drug Trafficking Crime) must be sentenced

4

consecutively to Count 8.  In addition to this mandatory minimum sentences, the Sentencing Guidelines are applicable to Count 8.  Here, the PSR correctly determined that the adjusted offense level for aiding and abetting possession with intent to distribute heroin is 24.  (PSR ¶ 117.)  The PSR approximately reduced the adjusted offense level for acceptance of responsibility by three levels.  (PSR ¶¶ 126-127.)  Thus, the PSR ultimately concluded that the defendant's Guidelines range for Aiding and Abetting Possession with Intent to Distribute Heroin is 37 months to 46 months.  (PSR ¶ 177.)  However, because the defendant entered a plea of guilty to aiding and abetting possession with intent to distribute over 100 grams of heroin, a 5-year mandatory minimum sentence is applicable.  (*Id.*)

Here, the defendant makes one objection to the Sentencing Guidelines calculation.  The defendant objects to the assessment of one criminal history point for his burglary convictions from 2010.  (*See* PSR ¶¶ 135-136.)  This objection does not change the Sentencing Guidelines calculations contained in the PSR.  However, the government respectfully requests that the Court overrule the defendant's objection.  Here, the defendant was adjudicated guilty of the burglary offenses, a stay of imposition of sentence was imposed.  The defendant served a sentence of 10 months' county jail as a result of the adjudications of guilty.  The defendant's adjudication of guilty was not withheld, rather a stay of imposition of sentence was ordered.  For those reasons, the defendant appropriately received the assessment of one criminal history point.

Here, the Court should begin with the appropriate guidelines calculations. And, after determining the Sentencing Guidelines range and the mandatory minimum sentences, the government respectfully requests that the Court impose a mandatory minimum sentence of 5 years' imprisonment on Count 8 followed by a consecutive mandatory minimum of 5 years' imprisonment on Count 10.

## **SECTION 3553(a) SENTENCING FACTORS**

In determining a sentence sufficient, but not greater than necessary, to accomplish the federal sentencing goals outlined in 18 U.S.C. § 3553, a Court must examine multiple factors including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a). In this case, considering all of the sentencing factors, the government respectfully submits that a combined sentence of 10 years' imprisonment is appropriate for the defendant. Such a sentence would be sufficient, but not greater than necessary, to accomplish the federal sentencing goals in this case.

I.     Nature and Circumstances of the Offense

Here, the defendant admitted that he possessed with the intent to distribute 200 grams of heroin and a firearm in relation to that possession of heroin for the Beasley DTO. Further, after the defendant was apprehended and faced criminal charges on March 10, 2015, the defendant was released and went right back to the Beasley DTO. Until at least April 15, 2015, the defendant continued to distribute heroin and other controlled substances for the Beasley DTO. The defendant contributed to a significant heroin epidemic in northern Minnesota - both on the Red Lake Indian Reservation and the White Earth Indian Reservation.

Based upon the nature and circumstances of the offense, a combined sentence of 10 years' imprisonment is a fair and just sentence.

II.    History and Characteristics of the Defendant

As outlined in the PSR, the defendant basically raised himself from a young age. The defendant had the support of siblings and other family members, but took care of himself. Despite a difficult upbringing, the defendant did relatively well with minimal law enforcement contact. However, the defendant clearly lived on the edge of criminal conduct and easily became wrapped up with the Beasley DTO. As a result, the defendant moved large quantities of heroin and possessed a firearm.

Based on a totality of the defendant's characteristics and criminal history, a combined sentence of 10 years' imprisonment is fair and just.

III. <u>A Fair and Just Sentence</u>

In evaluating what is a sufficient, but not greater than necessary, sentence, the Court must examine several societal factors in addition to the specific factors surrounding the offense and the defendant. Namely, the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. Further, the Court must impose a sentence that affords adequate general and specific deterrence to criminal conduct. Here, a combined sentence of 10 years' imprisonment balances all these societal and personal factors. To promote respect for the law and reflect the seriousness of the offense, the defendant must be punished for his actions. Further, there must be an adequate sentence in hopes of deterring others from becoming those connections that allow an entire community to be impacted. Finally, the defendant's sentence should be commensurate with his co-defendants that are similarly situated.

## CONCLUSION

The government respectfully requests that the Court impose a sentence of 5 years' imprisonment on Count 8 – Aiding and Abetting Possession with Intent to Distribute Heroin – and 5 years' imprisonment on Count 10 – Possession of a Firearm during and in relation to a drug trafficking crime – followed by a term of supervised release. This sentence is reasonable as guided by the factors outlined in 18 U.S.C. §§ 3553(a).

Dated: March 1, 2017

Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*s/Deidre Y. Aanstad*

BY: DEIDRE Y. AANSTAD
Assistant U.S. Attorney
Attorney ID No. 0331788